WO                                                                                                              MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Valencia, | No.  CV 13-0655-PHX-RCB (JFM) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Lt. Vasquez #5241, | |
| Defendant. | |

Plaintiff Ernesto Valencia, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff alleges one count of racial profiling and names as Defendant Phoenix Police Officer Lieutenant Vasquez #5241. Plaintiff seeks punitive damages.

In support of his racial profiling claim, Plaintiff alleges that his Fourteenth Amendment rights were violated when he was arrested and booked on unspecified charges after Lieutenant Vasquez told Plaintiff that he fit the description of a suspect. According to Plaintiff, the suspect in question was described as a white male with long, light brown hair who was heavily tattooed and wearing a white tank top. Plaintiff asserts that he is tattooed and was wearing a tank top but that he is Hispanic, with long, dark brown hair. Plaintiff does not see how he fits the description of a white male with long, light brown hair. The Court construes these allegations as asserting claims for discriminatory law enforcement in violation of Plaintiff's federal constitutional rights.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant

1  and he must allege an affirmative link between the injury and the conduct of that
2  defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

3  Claims of discriminatory law enforcement are judged according to equal
4  protection standards.  *Wayte v. United States*, 470 U.S. 598, 608 (1985); *accord Dunn v.*
5  *Hyra*, 676 F.Supp.2d 1172, 1193 (W.D. Wash. 2009); *see Ortega Melendres v. Arpaio*,
6  598 F.Supp.2d 1025, 1037 (D. Ariz. 2009).  "To state a claim under 42 U.S.C. § 1983 for
7  a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must
8  show that the defendants acted with an intent or purpose to discriminate against the
9  plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250
10 F.3d 668, 686 (9th Cir. 2001).

11 Plaintiff alleges that he is Hispanic and that Vasquez "attempted to stop" him even
12 though a description for the suspect was described as White.  Plaintiff fails to allege when
13 Vasquez "attempted to stop" him.  He also fails to allege whether Vasquez actually
14 arrested him, and if so, the offense charged or the resolution of the charges, i.e., whether
15 Plaintiff was acquitted or convicted.  In short, Plaintiff fails to sufficiently allege facts to
16 support that Vasquez violated his constitutional rights.  Plaintiff therefore fails to state a
17 claim against Defendant and his Complaint will be dismissed without prejudice.

18 **V.     Leave to Amend**

19 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
20 state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
21 first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
22 mail Plaintiff a court-approved form to use for filing a first amended complaint.  If
23 Plaintiff fails to use the court-approved form, the Court may strike the amended
24 complaint and dismiss this action without further notice to Plaintiff.

25 Plaintiff must clearly designate on the face of the document that it is the "First
26 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
27 entirety on the court-approved form and may not incorporate any part of the original
28 Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

1 in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 10th day of May, 2013.

/s/ Robert C. Broomfield
Robert C. Broomfield
Senior United States District Judge